## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.

SHIRLEY J. MCCLANAHAN

CRIMINAL  ACTION  NO. 3:03-00053
CIVIL ACTION NO. 3:04-0726

### MEMORANDUM OPINION AND ORDER

Following her plea of guilty to a single charge of embezzlement with intent to knowingly defraud a federal credit union under 18 U.S.C. § 657, Movant was sentenced to a term of imprisonment of forty-six months and five years of supervised release on July 28, 2003. Subsequently, she filed a "Motion to Correct Illegal Sentence," pro se, which the Court treats as a motion filed under 28 U.S.C. § 2255.  Basing her arguments upon *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005), Movant argued that the Court wrongly applied sentencing enhancements based upon facts which were not proven beyond a reasonable doubt.  She also alleges ineffective assistance of counsel arguing that her counsel failed to properly raise these concerns during the pre-sentencing phase of her proceedings.  Magistrate Judge Taylor recommended that Movant's § 2255 motion be denied on the basis that *Booker* does not apply retroactively to cases on collateral review.

Movant essentially raises two objections to the Magistrate's recommendations: (1) the Magistrate failed to consider her valid ineffective assistance of counsel claim based on her counsel failing to challenge the application of the enhancements based upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and (2) the Magistrate failed to consider the *Apprendi* decision, upheld by the

*Booker* case, when finding that *Booker* did not apply retroactively. This Court's review of the Magistrate's proposed findings and recommendations to which Movant objects is de novo. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.").

In *Apprendi*, the United States Supreme Court held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. At the time of Movant's sentencing, the law of this circuit in regards to *Apprendi* was settled. The Fourth Circuit held that " because *Apprendi* does not apply to a judge's exercise of sentencing discretion within a statutory range, the current practice of judicial fact finding under the Guidelines is not subject to the *Apprendi* requirements-at least so long as that fact finding does not enhance a defendant's sentence beyond the maximum term specified in the substantive statute." *United States v. Kinder*, 235 F.3d 192, 201 (4th Cir. 2000).

In the present case, the statutory maximum under 18 U.S.C. § 657 was thirty years. Accordingly, the sentencing judge was not subject to any *Apprendi* requirements since Movant's sentence was well under the maximum term. The sentencing procedures in this case did not violate *Apprendi*. To the extent that Movant continues to argue that certain facts enhancing her sentence had to be proven by a jury under *Booker*, the Magistrate properly determined that *Booker* does not apply retroactively. *See United States v. Morris*, 429 F.3d 65 (4th Cir. 2005). Movant's objections based upon the enhancements under *Apprendi* and *Booker* are denied.

-2-

Movant also objects to the Magistrate's decision concerning ineffective assistance of counsel.   The Magistrate did not directly address this issue in his recommendations.   However, Movant's argument concerns her counsel supposedly not objecting to the enhancements under *Apprendi* and *Booker*.   At the time of Movant's sentencing, counsel in this case had no viable argument regarding this issue.   "[T]he case law is clear that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law."   *Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995) (citations omitted).   Accordingly, Movant's objection based upon ineffective assistance of counsel is denied.

Upon de novo review, the Court **ACCEPTS** and **INCORPORATES** the Proposed Findings and Recommendations of the Magistrate Judge and **DENIES** Movant's objections.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:        May 9, 2006

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE