**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

United States of America,

                Plaintiff,

v.                                  CRIMINAL NO.  3:03-00053

Shirley J. McClanahan,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Motion of the United States of America (the Government) to garnish the pension of Defendant Shirley J. McLanahan and to vacate this Court's May 12, 2004 order, which limits the Defendant's restitution payment to $25 during her incarceration.  The Court **GRANTS IN PART** and **DENIES IN PART** the Government's motion. The Court grants the Government's motion to garnish, but finds that 75% of Defendant's pension is protected from garnishment by the Consumer Credit Protection Act.  Additionally, it denies the motion to vacate the May 12, 2004 order because the order does not affect the authority of the Government to garnish. Further, although this Court may have lacked jurisdiction over the matter, the Government did not timely challenge that order.

**I.  STATEMENT OF FACTS**

The Defendant entered a plea agreement with the Government on February 21, 2003.  As a part of this plea agreement, Defendant pleaded guilty to one count of embezzlement on March 31,

2003.  On July 28, 2003, this Court sentenced Defendant to 46 months in prison and ordered her to pay $405,844.11 in restitution.

After Defendant had been imprisoned for several months, the Bureau of Prisons conducted a review of Defendant's inmate trust account on April 8, 2004 and discovered that Defendant had received and spent over $2000 from her inmate trust account. Upon discovering the amount of money Defendant was receiving from her friends and family, the Bureau of Prisons increased her monthly restitution payments from $25 to  $120 a month on May 4, 2004.

After the Bureau of Prisons raised her monthly restitution payments, Defendant filed a pro se motion with this court to limit the amount of restitution the Bureau of Prisons was collecting from her account each month. By an order entered on May 12, 2004, this Court partially granted Defendant's motion by limiting her monthly payments to $25 during incarceration.  The Government now seeks a garnishment of Defendant's state pension, which provides benefits well above $25 per month.

## II.  JURISDICTION FOR MAY 12, 2004 ORDER

As part of its motion to garnish Defendant's pension, the Government has argued that this Court lacked jurisdiction to enter the May 12, 2004 order, which limited the Defendant's monthly restitution payments to $25 during her incarceration.  More specifically, the Government has contended that the May 12, 2004 order should be vacated because Defendant filed her motion in the Southern District of West Virginia, rather than Eastern District of Kentucky where she in incarcerated.  To support this contention, the Government has cited *United States v. Miller*, 871 F.2d 488 (4th Cir. 1989).

In *Miller*, an inmate filed a motion asking the district court to direct the Bureau of Prisons to award him jail credit for 104 days. *Id*. at 489. In affirming a decision by Judge Staker, the Fourth Circuit held that the federal court for the Southern District of West Virginia lacked jurisdiction to rule on the defendant's motion:

> The district court correctly held that it was without jurisdiction to grant such relief. A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court.[1]

*Id*. at 489-90 (citing *United States v. Brown*, 753 F.2d 455 (5th Cir. 1985)). Thus, if the writ of habeas corpus is not filed in the district court where the defendant is incarcerated, then the district court does not have jurisdiction to rule on the writ.

In the instant case, Defendant filed her motion to reduce her monthly restitution order in the Southern District of West Virginia. However, the Defendant is incarcerated in Lexington, Kentucky, which is in the Eastern District of Kentucky. If her motion was actually a petition for a writ of habeas corpus, under precedent established by the Fourth Circuit in *Miller*, it appears that this Court would lack jurisdiction to rule on Defendant's motion because she was incarcerated in Lexington, Kentucky, instead of the Southern District of West Virginia. If this was the case, the Court may have lacked jurisdiction to enter the May 12, 2004, order. However, the Government did not

---

[1]Section 2241, in relevant part, provides the following limitation for federal district court jurisdiction over writs of habeas corpus:

> **(a)** *Writs of habeas corpus may be granted by* the Supreme Court, any justice thereof, *the district courts* and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the *district court of the district wherein the restraint complained of is had*.

28 U.S.C. § 2241(a) (2006) (emphasis added).

-3-

respond to the motion or object to the Court's order.  Even so, the Court is reluctant to resolve this question as it is unnecessary.  The prior order does not answer the question now before the Court. The prior order merely addressed Defendant's request to limit the amount  her prison account could be charged for restitution and did not limit the other means for enforcing her restitution obligation. Neither her motion nor the order considered any matters other than the amount of the monthly restitution payments to be taken from her prison account.

### III.  MOTION TO GARNISH

In its motion to garnish Defendant's state pension, the Government has argued two grounds to fully garnish the Defendant's pension.  First, the Government has argued that 18 U.S.C. § 3613(a)(1) does not exempt the pension from garnishment, and second, it has argued that 18 U.S.C. § 3664(n) entitles the Government to garnish the entire pension because inmates are not allowed to accumulate assets while incarcerated.  Each of these grounds for garnishing the Defendant's entire pension will be addressed in turn.

### A.  18 U.S.C. § 3613(a)(1)

The Government has asserted that none of Defendant's state pension is exempt from garnishment under the following language of § 3613(a)(1):

> **(a) Enforcement.**–The United States may enforce a judgment imposing a fine[2] in accordance the practices and procedures for the enforcement of a civil judgment under Federal Law or State Law.  Notwithstanding any other Federal law (including

---

[2]Subsection(f) of § 3613 specifically applies § 3613 to enforcing orders of restitution:

> **(f) Applicability to order of restitution.**–In accordance with section 3664(m)(1)(A) of this title, all provisions this section are available to the United States for the enforcement of an order of restitution.

18 U.S.C. § 3613(f) (2006).

section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that –

> **(1)** property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3),(4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986[3] shall be exempt from

---

[3]The Internal Revenue Code contains the following list of property exempt from levy:

**(a) Enumeration**.–There shall be exempt from levy–
>**(1) Wearing apparel and school books**.–Such items of wearing apparel and such school books as are necessary for the taxpayer or for members of his family;
>**(2) Fuel, Provisions, furniture, and personal effects.**–So much of the fuel, provisions, furniture, and personal effects in the taxpayer's household, and of the arms for personal use, livestock, and poultry of the taxpayer, as does not exceed $6250 in value;
>**(3) Books and tools of a trade, business, or profession**.–So many of the books and tools necessary for trade, business, or professions of the taxpayer as does not exceed in the aggregate $3,125 in value;
>**(4) Unemployment Benefits.**–Any amount payable to any individual with respect to his unemployment (including any portion thereof payable with respect to dependants) under an unemployment compensation law of the United States, of any State, or of the District of Columbia or of the Commonwealth of Puerto Rico.
>**(5) Undelivered Mail**.–Mail, addressed to any person, which has not been delivered to the addressee.
>**(6) Certain Annuity and Pension Payments.**–Annuity or pension payments the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 1562), and annuities based on retired or retainer pay under chapter 73 of title 10 of the United States Code.
>**(7) Workmen's compensation.**–Any amount payable to an individual as workmen's compensation (including any portion thereof payable with respect to dependants) under a workmen's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.
>**(8) Judgments for support of minor children.**–If the taxpayer is required by a judgment of a court of competent jurisdiction,

Enforcement of the judgment under Federal law . . . .

18 U.S.C. § 3613(a)(1).  As the Government is quick to point out, subsection (a)(9), pertaining to an exemption for wages, is omitted from the list of exemptions.  However, in contrast to the statements made by the Government, § 3613 protects wages and income by limiting the amount of income that can be garnished.

---

entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

**(9) Minimum exception for wages, salary, and other income.**–Any amount payable to or received by an individual as wages or salary for personal services, or as income derived from other sources, during any period, to the extent that the total of such amounts payable to or received by him during such period does not exceed the applicable exempt amount determined under subsection (d).

**(10) Certain service-connected disability payments.**–any amount payable to an individual as a service-connected (within the meaning of section 101(16) of title 38, United States Code) disability benefit under . . . .

**(11) Certain public assistant payments.**–Any amount payable to an individual as a recipient of public assistance under–

> **(A)** title IV or title XVI (relating to supplemental security income for the aged, blind, and disabled) of the Social Security Act, or

> **(B)** State or local government public assistance or public welfare programs for which eligibility is determined by a needs or income test.

**(12) Assistance Under Job Training Partnership Act.**–Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. 1501 et. seq.) from funds apportioned pursuant to such Act.

**(13) Residences exempt in small deficiency cases and principal residences and certain business assets exempt in absence of certain approval or jeopardy.**–. . . .

26 U.S.C. § 6334(a).

Congress has provided Defendant with a limitation from wage garnishment: "**(3)** the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law." 18 U.S.C. § 3613(a)(3). Pursuant to this reference to the Consumer Credit Protection Act, Congress has provided the following limitations on the garnishment of wages and income:

*(a) Maximum allowable garnishment*

Except as provided in subsection (b) of this section and in section 1675 of this title, the maximum part of the *aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed*

> **(1)** *25 per centum of his disposable earnings for that week*, or
>
> **(2)** the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by section 206(a)(1) of Title 29 in effect at the time the earnings were payable,

*whichever is less*. In the case of earnings for any pay period other than a week, the Secretary of Labor shall by regulation prescribe a multiple of the Federal minimum hourly wage equivalent in effect to that set forth in paragraph (2).

15 U.S.C. § 1673(a)  (emphasis added). Moreover, the definition of earnings includes pensions: "The term '*earnings' means compensation paid or payable* for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and *includes periodic payments pursuant to a pension or retirement program*." 15 U.S.C. § 1672(a) (emphasis added). Thus, under clear statutory language, it appears that the Government may garnish only 25% of the Defendant's pension.

Even though the statute protects 75% of her pension from garnishment, the Government claims that Defendant cannot use this limitation because she waived her right to exemptions in the plea agreement. Defendant agreed to the following provision in her plea agreement:

> *Mrs. McClanahan* agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest she may have in and to such property, and *waives her rights to exemptions under the Federal Debt Collection Procedures Act upon levy against and sale of any such property.*

Plea Agreement ¶ 5(d) (emphasis added). Therefore, by the terms of the plea agreement, the Government contends that Defendant waived her statutory right to exceptions.

This language would preclude Defendant from exercising the exemptions cross referenced in § 3613(a)(1), but the limitations on garnishment in § 1673 are not mere exemptions. Absent a clear expression that Defendant agreed to waive limitations to garnishment under the Consumer Credit Protection Act, the plea agreement waiver does not extend so far.

### B.  18 U.S.C. § 3664(n)

In its motion to garnish Defendant's state pension, the Government has argued that the following statutory provision entitles it garnish her entire pension:

> **(n)** *If a person obligated to provide restitution*, or a pay a fine, *receives substantial resources from any source*, including inheritance, settlement, or other judgment, *during a period of incarceration*, such person shall be *required to apply the value of such resources to any restitution* or fine *still owed*.

18 U.S.C. § 3664(n)(emphasis added). After an extensive review of the existing law, the Court was unable to determine if the phrase "substantial resources from any source" included payments from a pension. Despite the broad language of the statute, the Court finds that the statute is directed towards preventing a defendant from benefitting from the receipt of a lump sum, rather than a periodic payment from a pension. The monthly pension benefits were known at the time of the plea agreement and sentencing, and are unlike the items explicitly included under the statute. Without a clearer statutory mandate or guidance from persuasive case law, this Court will not deprive the

Defendant of her entire pension.  Therefore, the Court rules that 18 U.S.C. § 3664(n) does not give the Government the authority to fully garnish Defendant's pension.

### C.  State Exemption From Garnishment Under W. Va. Code § 18-7A-30

The West Virginia Consolidated Public Retirement Board has raised the following issue: "Is McClanahan's pension benefit exempt from garnishment by the United States Under West Virginia Code § 18-7A-30?" Under West Virginia law, state pensions are exempt from garnishment:

> The *monies in the various funds* and the right of a member to a retirement allowance, to the return of contributions, or to any benefit under the provisions of this article, are hereby exempt from municipal taxes, *shall not be subjected to execution, garnishment, attachment or any other process whatsoever* except that any benefits or contributions under this system shall be subject to "qualified domestic relations orders" as that term is defined in Section 414(p) of the Internal Revenue Code with respect to governmental plans; and shall be unassignable except as provided in this article.

West Virginia Code § 18-7A-30 (emphasis added).  Although West Virginia prohibits the garnishment of state pensions, federal law expressly preempts state exemptions when the federal government is attempting to collect a fine or restitution.

The Government supports this position by drawing on language contained in 18 U.S.C. § 3613(a)(2): "section 3014 of chapter 176 of title 28 shall not apply to enforcement under federal law . . . . ." Under 28 U.S.C. § 3014, debtors are permitted to invoke state law exceptions.[4] Thus, according to § 3613(a), the state exemptions that apply for debt collection do not apply when the

---

[4]The Federal Debt Collection Procedures Act permits debtors to use state exemptions in certain situations when the federal government is collecting a debt:

> **(2)(A)** any property that is exempt under Federal law . . . or State or local law that is applicable on the date of filing of the application of a remedy under this chapter . . . .

28 U.S.C. § 3014(a)(2)(A).

government is collecting a fine or court-ordered restitution.[5]  The Sixth Circuit addressed a similar

argument in *United States of America v. Salinski*, 194 F.3d 1315 (1999) (Unpublished Opinion):

> Salinski continues to argue that his insurance policies are exempt from garnishment
> under Michigan law.  This argument is unavailing because the garnishment in this
> case arose from Salinski's federal criminal sentence.  "[T]he provisions of 18 U.S.C.
> § 3613(a) state that the United States may enforce a judgment imposing a fine,
> restitution, or assessment against the property of the person fined, with the exception
> of those exemptions found in 26 U.S.C. § 6334.  *Section 6334(c) prohibits a criminal
> defendant from using state exemptions to protect his assets.*"

*Id*. at 1 (quoting *United States v. Nash*, 175 F.3d 440, 443 (6th Cir. 1999).  Therefore, under

established federal law, W. Va. Code § 18-7A-30 will not prevent the Government from garnishing

Defendant's pension.

## IV.  CONCLUSION

The Court **GRANTS IN PART** the Government's motion to garnish Defendant's state

pension under federal law, but the Government's garnishment is limited to 25% of the Defendant's

state pension under the Consumer Credit Protection Act, and **DENIES** the Government's motion

to vacate the May 12, 2004 order.  The Court **DIRECTS** clerk to send a copy of this written opinion

---

[5]In addition to the MVRA excluding state exemptions under 3613(a)(2), the Federal Debt
Collection Procedures Act expressly preempts state law:

> **(d) Preemption.**–This chapter shall preempt State law to the extent such law is
> inconsistent with a provision of this chapter.

28 U.S.C. § 3003(d).

and order to counsel of record, the West Virginia Consolidated Public Retirement Board , and any unrepresented parties.

ENTER: May 24, 2006

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE